UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GERRYLENE WILLIAMSON

VERSUS

WYETH, INC., ET AL

CIVIL ACTION

NO. 09-736-BAJ-DLD

## RULINGS

This matter is before the court on motions by defendants, Actavis, Inc. and Actavis Elizabeth, LLC ("Actavis defendants") (doc. 6), and PLIVA, Inc. ("Pliva") (doc. 9), to dismiss pursuant to Federal Rule of Civil Procedure 12(B)(6). Jurisdiction is based on 28 U.S.C. §1332.

The record demonstrates that plaintiff, Gerrylene Williamson ("Ms. Williamson"), voluntarily dismissed the Actavis defendants on March 2, 2010 (doc. 17), thus rendering the motion by the Actavis defendants moot. The record also demonstrates that plaintiff amended the complaint after the defendant, Pliva, filed its motion to dismiss. After careful review of Pliva's motion and the amended complaint, the Court concludes that the amendments to the complaint have rendered Pliva's motion to dismiss moot as well.

In its motion to dismiss, Pliva argues that Ms. Williamson's claims should be dismissed for failure to state a claim, failure to properly allege any causes of action

outside of the Louisiana Products Liability Act ("LPLA"), and failure to properly state a claim for punitive damages or attorney's fees (doc. 9).

Pliva argues that Ms. Williamson "has stated only that she suffered some injury as a result of ingesting metoclopromide, manufactured by some company for some unknown period of time" (doc. 9). However, Ms. Williamson's amended complaint alleges that she "was prescribed and ingested the Pliva drug from at least February 2003 thru [sic] September 2008" and that she "suffers from tardive dyskinesia caused in whole or in part by metoclopromide" (doc. 13).

Also, Pliva's motion to dismiss states that Ms. Williamson relied on many theories of recovery not asserted pursuant to the LPLA. According to PLIVA, since Ms. Williamson's claims fall exclusively within the LPLA, a claimant may not recover from a manufacturer (such as Pliva) under any other theory of liability (doc. 9). However, in contrast to the original complaint, Ms. Williamson's amended complaint sets forth a theory of liability solely under the LPLA (doc. 13).

Regarding the issue of damages, Pliva's motion to dismiss submits that Ms. Williamson's demand for punitive damages and attorneys' fees is improper under Louisiana law (doc. 9). Ms. Williamson's amended complaint neither includes a prayer for punitive damages nor attorneys' fees (doc. 13).

For the foregoing reasons, the Court concludes that Ms. Williamson's amended complaint now renders Pliva's motion to dismiss moot.

## CONCLUSION

Accordingly, the motions by defendants, Actavis, Inc. and Actavis Elizabeth, LLC, (doc. 6) and PLIVA, Inc., (doc. 9) to dismiss pursuant to Rule 12(b)(6) are hereby **DENIED** as moot.

Baton Rouge, Louisiana, August 19, 2010.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA